IlAiii, Judge,
 

 delivered the opinion of the Court:
 

 An act of Assembly passed in April, 1777, prescribes an oath of allegiance to be taken to the State by all persons living therein. Another act, passed in November of the same year, established offices for receiving entries for claims of land in the several counties in the State, and declares,
 
 “
 
 that it shall and may be lawful for any person, who is or hereafter may become a citizen of this State, and performs the requisites by this act required, to enter with the entry-taker of any county, a claim for any
 
 *139
 
 vacant lands lying in such county: — and, by the fourth section,
 
 “
 
 every person but a guardian for an orphan, or
 
 6i
 
 a person absent in the military service, before he shall
 
 i(
 
 enter lands, shall take and subscribe the oath of alie-
 
 “
 
 giance and abjuration prescribed by the laws of the
 
 “
 
 State which oath the entry-taker is to administer. It appears from Complainant’s own shewing, that at the time when the entry was made under which he claims, he had not taken the oath of allegiance prescribed by law, and which wras indispensibly necessary, before he could make an entry. This he knew very well — He was fully sensible of his own incapacity, when he applied to
 
 .M‘Kenny
 
 to caveat
 
 Duckworth’s
 
 entry, and when he clothed him with power to do so successfully, by conveying to him
 
 Killian’s
 
 improvement, which he had before purchased. ,
 

 I am of opinion, that if he was not qualified to make entries and hold titles to land himself, he could not do it by the agency of another person. The sound policy of the times forbad it. It was entirely against the spirit and meaning of the laws. It matters not that he has since taken the oath of allegiance' — if his claim was originally invalid, that circumstance will not make it good. He will not be allowed to take his chances and then side with the strongest. For these reasons, the bill must be dismissed with costs.